UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-5-2015
```

ELIZABETH MANON,

                              Plaintiff,

-v-

878 EDUCATION, LLC, ALFONSO
GARCIA, AND ALEX OLINER,

                              Defendants.

No. 13-cv-3476 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

      On March 4, 2015, the Court issued an opinion denying Defendants' summary judgment motion with respect to Plaintiff's claims for (1) associational disability discrimination under the ADA and (2) associational disability discrimination under the NYCHRL. Accordingly, IT IS HEREBY ORDERED THAT the parties shall commence trial on the morning of May 25, 2015.

      IT IS FURTHER ORDERED THAT, by April 6, 2015, the parties shall submit a Joint Proposed Pretrial Order that includes, in separately numbered paragraphs, the information required by Federal Rule of Civil Procedure 26(a)(3) and the following:

    i.     The full caption of the action;

    ii.    The names, addresses (including firm names), and telephone and fax numbers of trial counsel;

    iii.   A brief statement by Plaintiff as to the basis of subject-matter jurisdiction, and a brief statement by Defendants to the presence or absence of subject-matter jurisdiction. Such statements shall include citations to all authority relied on and relevant facts as to citizenship and jurisdictional amount;

    iv.   A brief summary by each party of the claims and defenses that the party has asserted which remain to be tried, without recital of evidentiary matters but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried;

v. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed;

vi. A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which party or parties have or have not so consented).

vii. Any stipulations of fact or law that have been agreed to by the parties;

viii. A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition;

ix. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party;

x. A list by each party of exhibits to be offered in its case in chief, with an indication of whether any party objects to the exhibit and a *brief* statement of the nature of the objection (e.g., "relevance," "authenticity," "hearsay"); and

xi. A statement of whether the parties consent to less than a unanimous verdict.

IT IS FURTHER ORDERED THAT the parties shall file the following with the Joint Proposed Pretrial Order:

i. In jury cases, *joint* proposed voir dire questions, verdict form, and jury instructions. These joint submissions should consist of single documents, jointly composed, noting any areas of disagreement between the parties. The voir dire questions and jury instructions shall include both the text of any requested question or instruction as well as a citation, if relevant, to the authority from which it derives. A Word version of these documents shall also be submitted by e-mail.

ii. In non-jury cases, proposed findings of fact and conclusions of law. Proposed findings of fact should be detailed and a Word version should be submitted by e-mail.

iii. Motions addressing any evidentiary or other issues which should be resolved *in limine*; and

iv. In any case where a party believes it would be useful, a pretrial memorandum, not to exceed 10 pages.

2

IT IS FURTHER ORDERED THAT, if the parties intend their trial to be a bench trial, each party shall serve, but not file, the following at the time the Joint Proposed Pretrial Order is filed:

i. Affidavits constituting the direct testimony of each trial witness, except for testimony of an adverse party, a person whose attendance must be compelled by subpoena, or a person for whom a party has requested and the Court has agreed to hear direct testimony during the trial. Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial. Only those witnesses who will be cross-examined need appear at trial. The original affidavit shall be marked as an exhibit at trial;

ii. All deposition excerpts which will be offered as substantive evidence, as well as a one-page synopsis (with page references) of those excerpts for each deposition; and

iii. All documentary evidence.

IT IS FURTHER ORDERED THAT, within one week of the filing of the Joint Proposed Pretrial Order, any party may file the following documents:

i. Oppositions to any motions *in limine*; and

ii. Oppositions to any legal argument in a pretrial memorandum.

IT IS FURTHER ORDERED THAT the parties shall appear for a final pretrial conference on Friday, May 8, 2015, at 9:30 a.m.

SO ORDERED.

Dated:   March 5, 2015
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE